UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-11164-NMG

GUEST-TEK INTERACTIVE ENTERTAINMENT INC. and GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,

Plaintiffs,

v.

THOMAS PULLEN and PUREHD LTD.,

Defendants.

**STIPULATED ORDER**

Plaintiffs, Guest-Tek Interactive Entertainment, Inc. and Guest-Tek Interactive Entertainment Ltd. (collectively "Guest-Tek"), by and through their attorneys, and defendants Thomas Pullen ("Pullen") and PureHD Ltd. ("PureHD") (collectively, "Defendants") by and through their attorneys, having met and conferred pursuant to Local Rule 7.1(A)(2) hereby stipulate as follows:

1. Pullen and Pure HD shall return all paper originals and copies of Guest-Tek trade secrets and confidential information in their possession.

2. Pullen and PureHD are prohibited from disclosing or transmitting any of Guest-Tek's trade secrets or confidential information to PureHD or to any third party, and from using any of said information for the benefit of Pullen, PureHD, or any third party.

3. Pullen and PureHD shall turn over to Guest-Tek's forensic computer expert, Jakob Wahlberg of Elysium Digital, within 24 hours of the entry of this order, the following items for forensic review:

      a.    physical images of the hard drives for the two computers in Pullen's possession, identified as the "PureHD Computer" and "Pullen's Wife's Computer";

      b.    a logical image for the one TeraStation in Pullen's possession;

      c.    physical images of two removable storage ("thumb" drive) devices in Pullen's possession; and

      d.    images of all DVDs in Pullen's possession that contain any .pst files or other data from Pullen's Outlook account at Guest-Tek (the "DVDs")

Within two (2) business days after the entry of this order, Pullen and PureHD shall also turn over to Guest-Tek a physical image of all of the drives in the TeraStation in Pullen's possession. Defendants shall not be subject to a claim of spoliation of evidence for any unintentional damage caused by the creation of the images specified in this Order.

4.    Once the images of the DVDs are provided to Mr. Wahlberg, the Defendants, and their employees, shall no longer be provided access to, or be able to review, the DVDs and the DVDs shall be limited to "attorney's eyes only."

5.    For the DVDs, Defendants' forensic expert shall immediately copy and deliver to counsel for Guest-Tek those portions of the DVDs that contain .pst files from Pullen's Outlook account at Guest-Tek (the "PST Files") including the hash file. Guest-Tek and its counsel shall not be limited in their review or use of the PST Files. Other than the PST Files, all other files on the DVD shall be subject to the disclosure limitations described in Paragraph 6.

6.    Mr. Wahlberg shall be permitted to perform a full forensic analysis as described herein on the images described in Paragraph 3 and, without further Order of the Court or agreement of the parties, shall be permitted to discuss the results of his review and to prepare a forensic report to counsel for Guest-Tek. Mr. Wahlberg's forensic analysis may include a search of files limited to files revealed based upon agreed upon search terms. The parties agree that they shall work in good faith to agree on search terms for use by Mr. Wahlberg. Mr. Wahlberg may

not conduct a keyword search as described herein until the parties have agreed upon the terms to be used in the keyword search. Mr. Wahlberg may not disclose to Guest-Tek or Guest-Tek's counsel the contents of any file found during his review absent further Order of the Court or agreement of the parties. Mr. Wahlberg may disclose the names of all electronic files, including the names of deleted files, the applicable metadata about such files, and, after search terms are agreed upon as described herein, whether certain search terms appeared in the files without being deemed to have disclosed the content of the files. Any reports from such forensic reviews may not be shared with anyone other than Guest-Tek's counsel, and shall be held by Guest-Tek's counsel on an "attorneys eyes only" basis and not disclosed to Guest-Tek until further Order of the Court or agreement of the parties. The parties agree that Mr. Wahlberg will enter an agreement consistent with the terms of this Stipulated Order.

7. To expedite discovery, Plaintiffs have agreed to limit the initial review of the content of the files to Mr. Wahlberg as described in Paragraph 6. The parties agree to work together to create a protocol in which discoverable documents identified by Mr. Wahlberg are made available to counsel for Guest-Tek. This Order is not intended to address that protocol. Plaintiffs reserve their right to demand inspection of the content of any document and Defendants reserve their right to object to the production of any such document.

8. Neither this Order nor anything contained within it should be construed to constitute any findings by the court or admissions by either Plaintiffs or Defendants as to the allegations, facts, legal theory, liability, or damages alleged in this case. Nor is this Order to be construed as limiting any rights or obligations either party may have regarding future discovery pursuant to the Federal Rules of Civil Procedure.

Date: _____    _____
                                                         Judge Nathaniel M. Gorton

513638v.6