# Exhibit A

Case 1:09-cv-11164-MBB   Document 60-1   Filed 07/16/10   Page 2 of 14
Case 1:09-cv-11164-NMG   Document 23   Filed 10/14/2009   Page 1 of 4
Case 1:09-cv-11164-NMG   Document 22   Filed 10/13/2009   Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-11164-NMG

| |
|---|
| GUEST-TEK INTERACTIVE ENTERTAINMENT INC. and GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., |
| Plaintiffs, |
| v. |
| THOMAS PULLEN and PUREHD LTD., |
| Defendants. |

~~ASSENTED TO MOTION FOR A~~ STIPULATED ORDER

Plaintiffs, Guest-Tek Interactive Entertainment, Inc. and Guest-Tek Interactive Entertainment Ltd. (collectively "Guest-Tek"), by and through their attorneys, and defendants Thomas Pullen ("Pullen") and PureHD Ltd. ("PureHD") (collectively, "Defendants") by and through their attorneys, having met and conferred pursuant to Local Rule 7.1(A)(2) hereby stipulate as follows:

1. Pullen and Pure HD shall return all paper originals and copies of Guest-Tek trade secrets and confidential information in their possession.

2. Pullen and PureHD are prohibited from disclosing or transmitting any of Guest-Tek's trade secrets or confidential information to PureHD or to any third party, and from using any of said information for the benefit of Pullen, PureHD, or any third party.

3. Pullen and PureHD shall turn over to Guest-Tek's forensic computer expert, Jakob Wahlberg of Elysium Digital, within 24 hours of the entry of this order, the following items for forensic review:

Case 1:09-cv-11164-MBB    Document 60-1    Filed 07/16/10    Page 3 of 14
Case 1:09-cv-11164-NMG    Document 23    Filed 10/14/2009    Page 2 of 4
Case 1:09-cv-11164-NMG    Document 22    Filed 10/13/2009    Page 2 of 4

    a.    physical images of the hard drives for the two computers in Pullen's possession, identified as the "PureHD Computer" and "Pullen's Wife's Computer";

    b.    a logical image for the one TeraStation in Pullen's possession;

    c.    physical images of two removable storage ("thumb" drive) devices in Pullen's possession; and

    d.    images of all DVDs in Pullen's possession that contain any .pst files or other data from Pullen's Outlook account at Guest-Tek (the "DVDs")

Within two (2) business days after the entry of this order, Pullen and PureHD shall also turn over to Guest-Tek a physical image of all of the drives in the TeraStation in Pullen's possession. Defendants shall not be subject to a claim of spoliation of evidence for any unintentional damage caused by the creation of the images specified in this Order.

    4.    Once the images of the DVDs are provided to Mr. Wahlberg, the Defendants, and their employees, shall no longer be provided access to, or be able to review, the DVDs and the DVDs shall be limited to "attorney's eyes only."

    5.    For the DVDs, Defendants' forensic expert shall immediately copy and deliver to counsel for Guest-Tek those portions of the DVDs that contain .pst files from Pullen's Outlook account at Guest-Tek (the "PST Files") including the hash file. Guest-Tek and its counsel shall not be limited in their review or use of the PST Files. Other than the PST Files, all other files on the DVD shall be subject to the disclosure limitations described in Paragraph 6.

    6.    Mr. Wahlberg shall be permitted to perform a full forensic analysis as described herein on the images described in Paragraph 3 and, without further Order of the Court or agreement of the parties, shall be permitted to discuss the results of his review and to prepare a forensic report to counsel for Guest-Tek. Mr. Wahlberg's forensic analysis may include a search of files limited to files revealed based upon agreed upon search terms. The parties agree that they shall work in good faith to agree on search terms for use by Mr. Wahlberg. Mr. Wahlberg may

Case 1:09-cv-11164-MBB   Document 60-1   Filed 07/16/10   Page 4 of 14
Case 1:09-cv-11164-NMG   Document 23   Filed 10/14/2009   Page 3 of 4
Case 1:09-cv-11164-NMG   Document 22   Filed 10/13/2009   Page 3 of 4

not conduct a keyword search as described herein until the parties have agreed upon the terms to be used in the keyword search. Mr. Wahlberg may not disclose to Guest-Tek or Guest-Tek's counsel the contents of any file found during his review absent further Order of the Court or agreement of the parties. Mr. Wahlberg may disclose the names of all electronic files, including the names of deleted files, the applicable metadata about such files, and, after search terms are agreed upon as described herein, whether certain search terms appeared in the files without being deemed to have disclosed the content of the files. Any reports from such forensic reviews may not be shared with anyone other than Guest-Tek's counsel, and shall be held by Guest-Tek's counsel on an "attorneys eyes only" basis and not disclosed to Guest-Tek until further Order of the Court or agreement of the parties. The parties agree that Mr. Wahlberg will enter an agreement consistent with the terms of this Stipulated Order.

7. To expedite discovery, Plaintiffs have agreed to limit the initial review of the content of the files to Mr. Wahlberg as described in Paragraph 6. The parties agree to work together to create a protocol in which discoverable documents identified by Mr. Wahlberg are made available to counsel for Guest-Tek. This Order is not intended to address that protocol. Plaintiffs reserve their right to demand inspection of the content of any document and Defendants reserve their right to object to the production of any such document.

8. Neither this Order nor anything contained within it should be construed to constitute any findings by the court or admissions by either Plaintiffs or Defendants as to the allegations, facts, legal theory, liability, or damages alleged in this case. Nor is this Order to be construed as limiting any rights or obligations either party may have regarding future discovery pursuant to the Federal Rules of Civil Procedure.

Case 1:09-cv-11164-MBB   Document 60-1   Filed 07/16/10   Page 5 of 14
Case 1:09-cv-11164-NMG   Document 23   Filed 10/14/2009   Page 4 of 4
Case 1:09-cv-11164-NMG   Document 22   Filed 10/13/2009   Page 4 of 4

| GUEST-TEK INTERACTIVE ENTERTAINMENT INC. and GUEST-TEK INTERACTIVE ENTERTAINMENT, LTD. | THOMAS PULLEN and PUREHD INC. |
|---|---|
| By its attorneys, | By their attorneys, |
| /s/ Gary M. Feldman<br>Gary M. Feldman, BBO #162070<br>David M. Cogliano, BBO #630185<br>Christopher J. Marino, BBO #655007<br>DAVIS, MALM & D'AGOSTINE, P.C.<br>One Boston Place<br>Boston, MA 02108<br>(617) 367-2500 | /s/ Stephen T. Paterniti<br>Erik J. Winton, BBO #600743<br>Stephen T. Paterniti, BBO #564860<br>Anne B. Ladov, BBO #666458<br>JACKSON LEWIS LLP<br>75 Park Plaza<br>Boston, MA 02116<br>(617) 367-0025 |

October 13, 2009

SO ORDERED:

Date: 10/14/09

_____
Judge Nathaniel M. Gorton

Varone, Dianne (BOS)

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Wednesday, October 14, 2009 4:05 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:09-cv-11164-NMG Guest-Tek Interactive Entertainment Inc. et al v. PureHD Ltd. et al Order on Motion for Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

District of Massachusetts

**Notice of Electronic Filing**

The following transaction was entered on 10/14/2009 at 4:04 PM EDT and filed on 10/14/2009
**Case Name:** Guest-Tek Interactive Entertainment Inc. et al v. PureHD Ltd. et al
**Case Number:** 1:09-cv-11164
**Filer:**
**Document Number:** 23

**Docket Text:**
**Judge Nathaniel M. Gorton: ORDER entered granting [22] Motion for Stipulated Order (Duong, Diep)**


1:09-cv-11164 Notice has been electronically mailed to:

Gary M. Feldman  gfeldman@davismalm.com, mcostello@davismalm.com

Stephen T. Paterniti  paternis@jacksonlewis.com, mcmurrah@jacksonlewis.com

David M. Cogliano  dcogliano@davismalm.com

Erik J. Winton  wintone@jacksonlewis.com, varoned@jacksonlewis.com

Christopher J. Marino  cmarino@davismalm.com

Anne B. Ladov  ladova@jacksonlewis.com, sprattk@jacksonlewis.com

1

**1:09-cv-11164 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=10/14/2009] [FileNumber=3062630-0] [dd73f9b132cbfc33fa97a4864e0c08d1edaa8c8c01ec54fd27cd40fb3999782b43ccbaa773794f5aed7f7f497766c433eb6f0d7aa20e68dd0a5b85d0fc025ca3]]

# Exhibit B



Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis LLP | ALBANY, NY | DENVER, CO | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| 75 Park Plaza | ALBUQUERQUE, NM | DETROIT, MI | MORRISTOWN, NJ | PROVIDENCE, RI |
| Boston, Massachusetts 02116 | ATLANTA, GA | GREENVILLE, SC | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| Tel 617 367-0025 | BALTIMORE, MD | HARTFORD, CT | NEW YORK, NY | RICHMOND, VA |
| Fax 617 367-2155 | BIRMINGHAM, AL | HOUSTON, TX | OMAHA, NE | SACRAMENTO, CA |
| www.jacksonlewis.com | BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN DIEGO, CA |
|  | CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN FRANCISCO, CA |
|  | CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
|  | CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | STAMFORD, CT |
|  | DALLAS, TX | MEMPHIS, TN | PITTSBURGH, PA | WASHINGTON, DC REGION |
|  |  | MIAMI, FL | PORTLAND, OR | WHITE PLAINS, NY |

February 9, 2010

**VIA E-MAIL and U.S. MAIL**

Gary M. Feldman, Esq.
Davis, Malm & D'Agostine, P.C.
One Boston Place
Boston, MA 02108

   Re:  *Guest-Tek Interactive Entertainment Inc., et al. v. Thomas Pullen, et al.*
     <u>Civil Action N0. 09-CV-11164-NMG</u>

Dear Gary:

  I am writing to follow up on our request for a Rule 37.1 conference to discuss Guest-Tek's inadequate and incomplete responses to our First Request for Production of Documents. I will address the responses in order.

<u>Request No. 1</u>:

  *All Documents relating to, concerning or identifying any marketing or advertising statements (whether oral or written) that describe the services offered by Guest-Tek since May 1, 2009.*

  In your response, you state that you will only produce documents relating to free-to-guest services. We understand from your response that Guest-Tek is in agreement that the only services at issue in this case alleged by Guest-Tek are free-to-guest services. If this is not the case, please advise us immediately as your response to this request and refusal to produce any documents other than those related to free-to-guest services would be improper.

<u>Request No. 2</u>:

  *All documents concerning, evidencing or pertaining to actual or potential damages sustained or anticipated by Guest-Tek, as alleged in its Complaint, including but not limited to a list of customers, potential customers, or business which Guest-Tek claims it lost as a result of Defendants' alleged actions any related requests for proposals, Guest-Tek's responses to same, and communications pertaining to same.*

  It appears from your response that you intend to produce responsive documents but have not yet done so. Our review of the few documents you did produce in response to these requests



indicates that no such responsive documents have been produced pertaining to lost business. Your open-ended statement that you will produce documents without any identification of the date and without any prior discussions with us is unacceptable.

In addition, while you cite to a number of documents we have produced to you as responsive to this request, your failure to produce any other documents relating to such damages means you do not have any responsive documents at this time. We have stated from the outset of this case that your clients' damages are extremely limited, and that we are not aware of any customer business that Guest-Tek has lost as a result of any alleged wrongdoing by our clients. Your failure to produce documents along these lines is only evidence corroborating the fact that Guest-Tek has not suffered any damages due to any unlawful conduct by Defendants. Hiding behind the artifice that you cannot determine what damages there may be until you take more discovery is also unacceptable. You have provided a long list of companies you assert are Guest-Tek customers or potential customers. Surely your client would have some documentation of alleged lost business with these companies by now. Please either let me know if there are any other responsive documents in your clients' possession or produce responsive documents by Friday, February 12.

Request No. 3:

*All documents concerning commissions paid to Pullen during and after his employment with Guest-Tek.*

Documents have been produced in response to this request. However, you have marked these documents as Attorneys Eyes Only. We challenge this designation. Ostensibly, you seek to protect the customer names in these documents only. However, a Guest-Tek customer and potential customer list you produced was not marked Attorneys' Eyes Only or Confidential. In addition, surely you cannot expect us to be prohibited from reviewing with our client the detailed commission documents to check for accuracy, especially given the fact that Mr. Pullen has brought counterclaims regarding payment of these commissions. Please advise as to whether you intend to remove the AEO designation of these documents.

Request No. 4:

*Any and all documents which identify, contain, refer to, or pertain to Plaintiff's alleged trade secrets, proprietary information and/or confidential information allegedly disclosed by Pullen and the efforts taken to protect such alleged trade secrets, proprietary and/or confidential information.*

It is remarkable that Guest-Tek has not produced a single document responsive to this request. Surely you are not asserting that Guest-Tek does not possess any trade secret, confidential or proprietary information other than the documents residing on Mr. Pullen's computers. Your failure to produce responsive documents in your client's possession is a flagrant violation of the discovery rules. This request is targeted at the heart of Guest-Tek's claims in this case. Indeed, Guest-Tek has no cognizable claim until it adequately identifies the trade secret, proprietary information and/or confidential information that are at issue in this



Gary M. Feldman, Esq.
Davis, Malm & D'Agostine, P.C.
February 9, 2010
Page 3

matter. See Cambridge Internet Solutions v. Avicon Group, 1999 Mass. Super Lexis 387 at *4 (Quinlan, J.) (September 21, 1999).

Your attempt to simply generally refer us to documents residing on computers of which our clients are currently in possession is entirely inadequate. As a preliminary matter, Guest-Tek is requiring that our clients purge those documents from its computers. While we have forensic images of these computer hard drives, we have been careful not to access any alleged Guest-Tek documents on these forensic images. Moreover, you have an obligation to produce specific responsive documents. You are aware of the documents by title on Mr. Pullen's computers, and you have image copies of them, including the Guest-Tek proposals. You also have access to those documents on your client's computers and files, as well as many other documents which would undoubtedly contain alleged trade secrets and confidential and proprietary information, if any actually exist.

In the complaint, you allege that "the development and enhancement of [Guest-Tek's] product offerings, marketing and sales leads, pricing structures and responses to hoteliers' requests for proposals" are confidential and proprietary. Complaint, ¶12. You failed to produce a single document of this nature.

You also allege that while a Guest-Tek employee, Mr. Pullen had access to the following "confidential and proprietary information and trade secrets of Guest-Tek: customer account information, pricing, terms, customer preferences, customer lists and contact information, internal financial information, financial information of customers, marketing plans and strategies, business plans, quotations, pending proposals, contract documents, technical capabilities and the overall performance of the company." Complaint, ¶17. You also failed to produce a single document of this nature.

Later in the Complaint you allege that Mr. Pullen's May 2, 2009 inbox "included literally thousands of Guest-Tek e-mails and attachments containing Guest-Tek confidential and proprietary information and trade secrets." Complaint, ¶60. You also allege that "it is impossible to overstate the amount of confidential and proprietary information and trade secrets contained" in Mr. Pullen's Guest-Tek inbox. Complaint, ¶61. You also failed to produce a single document of this nature.

Given these allegations, your brazen failure to produce a single page pertaining to the confidential and proprietary information and trade secrets you allege are at issue in this case is outrageous. Indeed, courts consistently require parties claiming the misappropriation of a trade secret to identify the trade secret at issue either prior to discovery or during discovery. See e.g. L-3 Communs. Corp. v. Reveal Imaging Techs., 2004 Mass. Super. LEXIS 519 at *34-35 (Van Gestel, J.) (December 2, 2004) (allowing motion by defendant for plaintiff to "specifically identify those trade secrets that form the basis of their trade secret misappropriations claims before any discovery may be had on those claims."); Staffbridge Inc. v. Gary D. Nelson, Associates, Inc., 2004 Mass. Super. LEXIS 215 at *10-11 (Van Gestel, J.) (June 11, 2004) (ordering plaintiff to identify under oath "with rigorous and focused particularity what, and only what, the plaintiffs claim to constitute the trade secrets allegedly misappropriated by either of the



Gary M. Feldman, Esq.
Davis, Malm & D'Agostine, P.C.
February 9, 2010
Page 4

defendants that form the basis for this law suit" before discovery on the allegedly infringing materials will be allowed).

Discovery ends in this matter on April 14. If this litigation was, and still is, truly motivated by your client's desire to protect its confidential and trade secret information, it is long past time to identify such information, as our client has already expended significant fees defending against a suit which we believe has very little substance. Please promptly respond to this request for production of documents identifying the trade secrets, confidential and proprietary information in this case by Friday, February 12

Request No. 5

*Any documents concerning, relating, or pertaining to Robert Mitchell and Derrick Brian's respective former employers that were delivered to or received from Robert Mitchell or Derrick Brian, including but not limited to documents taken from their former employers and communications between Guest-Tek and Mitchell or Brian about same.*

This request pertains to the affirmative defense of unclean hands. Under the broad scope of discovery, it is improper for you to refuse to produce documents responsive to this request.

Request No. 6

*Any and all documents that pertain, refer and/or relate to any of the allegations contained in the Complaint or Counterclaim.*

Although you state you will produce responsive documents, you have not produced a single one. This is yet another unacceptable stonewalling by Guest-Tek which further corroborates my clients' concerns regarding the true motives behind this litigation.

Request No. 7

*Any documents concerning Defendants, including correspondence or internal memoranda, created, sent or received by Guest-Tek after Pullen's departure from Guest-Tek.*

Again, your refusal to produce any documents responsive to Request No. 7 is improper. Correspondences pertaining to Defendants since Mr. Pullen resigned his employment might reveal Guest-Tek's knowledge of lack of damages, Guest-Tek's potential ulterior or improper motives for bringing or continuing this lawsuit, Guest-Tek's unclean hands in attempting to interfere with Mr. Pullen's new business venture, and other relevant information.

Case 1:09-cv-11164-MBB   Document 60-1   Filed 07/16/10   Page 13 of 14



**jackson | lewis**
Attorneys at Law

Gary M. Feldman, Esq.
Davis, Malm & D'Agostine, P.C.
February 9, 2010
Page 5

We look forward to hearing from you.

Very truly yours,

JACKSON LEWIS LLP

*[signature]*

Stephen T. Paterniti

STP/hdm
cc:   Christopher J. Marino
      Erik J. Winton



Attorneys at Law

Gary M. Feldman, Esq.
Davis, Malm & D'Agostine, P.C.
February 9, 2010
Page 6

bcc:  Thomas Pullen
      Glenn Jessome
      Glenn Lavigne