# EXHIBIT A

# PLAINTIFFS' EXPEDITED DOCUMENT REQUESTS SERVED ON SEPTEMBER 1, 2009

**Request No. 1.** All Documents relating to, concerning or identifying any contact or communication (oral, written, or electronic) between either of the defendants and (a) any present or former Guest-Tek client, (b) any potential Guest-Tek client whom Mr. Pullen learned of while employed at Guest-Tek, or (c) any present or former Guest-Tek employee.

**Request No. 2.** All Documents (whether electronic or hard copy) relating to, concerning, constituting or evidencing any proposal, bid, response to request for proposal, draft contract, signed contract, invoice or purchase order, submitted or entered into by either of the defendants with any present or former customer of Guest-Tek, prospective customer of Guest-Tek whom Mr. Pullen learned of while employed at Guest-Tek, or employee of Guest-Tek with whom either defendant has a relationship.

**Request No. 3.** All Documents relating to, concerning or identifying revenues generated by the defendants from any present or former customer of Guest-Tek or prospective customer of Guest-Tek whom Mr. Pullen learned of while employed at Guest-Tek.

**Request No. 4.** All Documents relating to, concerning or identifying communications with SolutionInc concerning the formation of PureHD, financing of PureHD and/or business of PureHD, including but not limited to communications with Glenn Lavigne, Randy Currie and Natalie Oldfied, which took place during the period from August 1, 2008 to May 3, 2009.

**Request No. 5.** All Documents relating to, concerning or identifying any marketing or advertising statements (whether oral or written) that describe the services offered by PureHD.

**Request No. 6.** All Documents relating to, concerning or identifying any travel by Mr. Pullen during the period August 1, 2008 through May 3, 2009, during which he had any meetings or discussions concerning the formation, financing and/or business of PureHD.

**Request No. 7.** All emails sent and/or received by Mr. Pullen from the email address Thomas.w.pullen@att.net or any other personal email address relating to, concerning or identifying Guest-Tek, PureHD or SolutionInc during the period August 1, 2008 through May 3, 2009.

# SELECTED DOCUMENT REQUESTS FROM PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANTS SERVED ON JANUARY 4, 2010

**Request No. 2.** All documents, including correspondence and e-mails, concerning any potential business opportunities, business leads, or other potential customers for any business in which Guest-Tek is involved, about which Pullen learned before May 4, 2009, including but not limited to documents relating to:

(a) High Gate Holdings;

(b) HRI Lodging, Inc.;

(c) DoCoMo;

(d) The KOR Group;

(e) Archon Group;

(f) Intercontinental Hotel Group;

(g) Verimatrix, Inc.; and

(h) VideoPropulsion Interactive Television.

This request includes documents after May 4, 2009, to the extent they relate to a business opportunity or lead discovered before that date.

**Request No. 4.** All documents, including correspondence, bids, proposal, requests for bids or proposals, contracts, drafts of contracts, responses to requests for bids or proposals, invoices, or purchase orders, concerning:

(a) The Vancouver Olympics;

(b) Vancouver Whistler;

(c) Shaw Whistler;

(d) Vancouver Olympic Hotel;

(e) Dan Ashcroft;

(f) Ann Arbor, Michigan; and

(g) Detroit

**Request No. 5.** All documents, including correspondence and e-mails, between Pullen and any person concerning any purported technical problems experienced by Guest-Tek, including, but not limited to, issues concerning the integration or set-up of Enseo set top boxes.

**Request No. 12.** All documents concerning money received by Defendants from SolutionInc., including commissions, referral fees, distributions, or other payments, and including the timing of such payments.

**Request No. 15.** All documents, including correspondence and e-mails, between Defendants and SolutionInc. concerning any actual or prospective Guest-Tek customer.

**Request No. 16.** All documents describing the relationship between Pullen and SolutionInc.

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-11164-NMG

GUEST-TEK INTERACTIVE ENTERTAINMENT
INC. and GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.,

Plaintiffs,

v.

THOMAS PULLEN and PUREHD LTD.,

Defendants.

## AFFIDAVIT OF THOMAS PULLEN IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER PROHIBITING PLAINTIFFS FROM DISCLOSING DEFENDANTS' CONFIDENTIAL INFORMATION

I, Thomas Pullen, do hereby depose and state under oath:

1. I reside in Sudbury, Massachusetts and am over the age of eighteen.

2. I have personal knowledge of the events described in this Affidavit.

3. I am employed by PureHD Inc. ("PureHD"). I am a Founder and President of PureHD. My responsibilities at PureHD including marketing, financial planning, and sales. I also handle business administration matters.

4. PureHD is a start-up company which delivers High Definition television ("HDTV") programming to hoteliers, universities, timeshares, restaurants/taverns, and health care facilities. PureHD uses state-of-the-art remote managed services to minimized on-site staffing requirements for maintenance issues. The market for providing HDTV programming is extremely competitive. Even a small amount of knowledge regarding a competitor's marketing strategies, financial planning, technological services, pricing information or potential customers

could provide a significant competitive advantage to a company in this area. Accordingly, any information concerning this type of information is considered highly confidential.

5. I personally reviewed the 57 documents, which I understand Plaintiffs indicated they intend to attach to and/or reference in publicly filed documents in connection with the above-captioned litigation.

6. Following that review, I determined that 20 of the documents identified by Plaintiffs could be publicly disclosed without causing significant harm to PureHD's business. However, the remaining 37 documents cannot be publicly disclosed without causing significant competitive harm to PureHD's business. I set forth below the specific reasons why the public disclosure of these documents would cause PureHD significant harm.

A. The documents at Bates Nos. DEF01022 and DEF01026 consist of tables reflecting expected financial revenues for the company that ultimately became PureHD, which include electronically embedded comments I made overlaying those financial records that reveal the strategic means by which PureHD expects to garner those revenues, including references to specific clients. Significantly, the projections in these documents extend into 2010 and 2011. If these documents are disclosed to the public, then any competitor of PureHD would be able to utilize the now-confidential marketing strategies of PureHD in the marketplace to the detriment of PureHD, thereby limiting PureHD's ability to be competitive.

B. The documents at Bates Nos. DEF00513A, DEF00514A, DEF00515A, DEF00517A, DEF00518, DEF00521, DEF00523, DEF00595, DEF00598, DEF00602, DEF00604, DEF00605, and DEF00609 consist of strategic planning documents in a PowerPoint format. These documents reflect strategies that are still being implemented by PureHD, including strategies that I believe no other competitor is presently executing. Further, these

documents include extensive references to prospective customers of PureHD, which if identified by competitors would significantly harm PureHD. For instance, if PureHD competitors were aware of PureHD's targeting of and potentially ongoing discussions with identified prospective customers, then those competitors would similarly target those prospective customers and impede PureHD's ability to make a favorable business agreement with those entities. Moreover, those competitors would be able to co-opt PureHD's confidential strategies and business ideas in order to further diminish PureHD's competitive standing in the marketplace. Accordingly, the information in these documents should be protected from disclosure. Notwithstanding the foregoing, three of these documents can be disclosed in partially redacted form and still protect the confidential information at issue. Those documents include the documents at Bates Nos. DEF00514A, DEF00521 and DEF00609.

C. The documents at Bates Nos. DEF00082, DEF00096, and DEF00842 consist of Bills of Materials that PureHD offers to deliver to potential customers. The specific materials used by PureHD in order to provide its services to customers are the core of its business. The disclosure of those materials would significantly undermine its competitiveness in the marketplace, by allowing competitors to examine its materials and copy their usage. Indeed, one of these documents includes the pricing PureHD offered to a particular customer for its services. Notably, when PureHD sent these bills of materials to prospective customers the prospective customers were instructed to maintain the bill of materials as confidential.

D. The documents at Bates Nos. DEF00112, DEF00125, DEF00141, DEF00154, DEF00167, DEF00180, DEF00193, DEF00206, DEF00219, DEF00231, DEF00267, DEF00280, DEF00293, DEF00306, and DEF00817, consist of cover pages to proposals sent to specific potential customers. These documents are particularly sensitive as they identify specific

potential customers with which PureHD is participating in ongoing discussions regarding potential agreements with each of these specific customers. The public disclosure of PureHD's efforts to do business with these entities would significantly harm PureHD by alerting competitors to target these potential customers. As a result, PureHD's ability to make an agreement with the potential customers would be irreversibly undermined. The continued confidentiality regarding PureHD's discussions with the potential customers identified in these documents is vital to PureHD's financial well-being.

    E.  The documents at Bates Nos. DEF00405, DEF00610, DEF00619 and DEF00664A, consist of email communications. These documents may be publicly disclosed in partially redacted form in order to protect sensitive information from disclosure. Specifically, the document at Bates No. DEF00405 includes compensation for a non-party individual. If this information is redacted, then the document may be publicly disclosed. Similarly, the document at Bates No. DEF00619 includes information regarding my private compensation agreement with SolutionInc., the parent company of PureHD. I have a confidentiality agreement with SolutionInc., which I understand prohibits me from disclosing my compensation information without SolutionInc.'s consent. If this information is redacted, then the document may be publicly disclosed. The document at Bates No. DEF00610 includes information regarding a strategic selling plan, which references specific partners of PureHD for that plan. The disclosure of that information to PureHD's competitors would allow them to gain an unfair competitive advantage over PureHD. If this information is redacted, then the document may be publicly disclosed. Finally, the document at Bates No. DEF00664A consists of confidential information relating to vendors that partner with PureHD. The public disclosure of this information would jeopardize the competitive advantage that PureHD enjoys in the marketplace due to its

relationship with these vendors, as competitors would attempt to build similarly favorable relationships with these particular vendors to PureHD's tremendous financial detriment. If this information is redacted, then the document may be publicly disclosed.

Then came Thomas Pullen, and stated under the pains and penalties of perjury on this 5th day of March 2010, that the foregoing statements are true based upon personal knowledge.

                                        /s/ Thomas Pullen
                                        Name: Thomas Pullen

## CERTIFICATE OF SERVICE

This hereby certifies that on this 5th day of March, 2010, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Allan N. MacLean
JACKSON LEWIS LLP